UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FINANCIAL INDEMNITY CO., <br><br> Plaintiff, <br> v. <br><br> LYDIA SAPIEN, et al., <br><br> Defendants. | Case No.: 5:13-cv-02315 PSG <br><br> **ORDER RE: MOTION TO STAY** <br><br> **(Re: Docket Nos. 13, 25, 27)** |

Before the court is a motion by Defendant Lydia Sapien ("Sapien") to stay the proceedings. Sapien urges the court's discretion in managing a declaratory judgment action such as this one, and highlights the priority of the related state court action involving some, but not all, of the parties. Plaintiff Financial Indemnity Company ("Financial") opposes, noting that the state court case Sapien has filed will not resolve the central insurance coverage question in this case.

In *Burlington Ins. Co. v. Alan*, this court set forth the relevant factors to consider when weighing a stay in a case such as this.[1] The bottom line for the undersigned is that even if Sapien is found to be an employee under California law in the state court action, the question of coverage,

---

[1] Case No. 3:12-cv-3372, 2013 WL 567615, at *4-12 (N.D. Cal. 2013) (citing *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) (en banc)).

1

Case No.: 5:13-cv-02315 PSG
ORDER

turning on whether Sapien was an employee at the time of the catering truck accident under the terms of the operative insurance policy, will remain. Especially when one considers that Financial is not even a party to the state court proceedings, it appears clear that a stay here would only delay the resolution of this dispute.

The motion to stay is therefore DENIED. The court will proceed to issue a scheduling order, including a referral to mediation.

**IT IS SO ORDERED.**

Dated: September 3, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge